# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00287-MR
# (CRIMINAL CASE NO. 2:00-cr-00007-MR-1)
# (CRIMINAL CASE NO. 2:00-cr-00018-MR-1)

| | |
|---|---|
| **WAYNE HENRY BURCHFIELD,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed under 28 U.S.C. § 2255 [Doc. 1]. No response from the Government is necessary. For the reasons that follow, the Court will transfer this action to the Northern District of Georgia.

**I.     BACKGROUND**

On February 13, 2001, Petitioner was convicted after pleading guilty in this Court to two counts of transport of a firearm in interstate commerce by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of using, carrying, and discharging a firearm in relation to a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 2. [Criminal Case No. 2:00-cr-0007-MR-1, Doc. 28: Judgment; Criminal Case

No. 2:00-cr-00018, Doc. 77: Judgment]. On February 13, 2001, this Court sentenced Petitioner to a total of 161 months in prison. [Id.].

On June 20, 2012, this Court entered an order transferring supervised release jurisdiction to the Northern District of Georgia. [Criminal Case No. 2:00-cr-0007-MR-1, Doc. 38: Order of Transfer]. On November 25, 2013, the Northern District of Georgia entered an order revoking Petitioner's supervised release and remanding Petitioner to the custody of the Bureau of Prisons ["BOP"] for eleven months. [Criminal Case No. 1:12-cr-00203-WSD-1 (N.D. Ga.), Doc. 10: Order Revoking Supervised Release]. Petitioner served additional time and was again released on supervised release. On July 2, 2015, the Northern District of Georgia again revoked Petitioner's supervised release and ordered Petitioner to serve an additional ten months in BOP custody, followed by twelve months of supervised release, with the first six months to be served in a halfway house. [Id., Doc. 31]. The BOP website indicates that Petitioner has a current release date of March 12, 2016. Petitioner appealed the judgment of supervised release revocation, and his appeal is pending in the Eleven Circuit Court of Appeals. [Id., Doc. 34].

Petitioner filed the instant Section 2255 petition in this Court on December 21, 2015. In his Section 2255 petition, Petitioner raises a claim

of ineffective assistance of counsel related to his supervised release revocation proceedings in the Northern District of Georgia. Specifically, Petitioner contends:

> Contact with counsel may be limited during revocation hearing. After reading transcript I see [where] counsel did not ask the question to the probation officer I asked him to and the witness counsel and I have a understanding he would ask all the questions that I asked him to but he did not. Counsel did not look into the threat of killing himself or law enforcement. I don't have any witnesses that I would, that I planned to actually call on.

[Doc. 1 at 4]. Petitioner also contends that the Northern District of Georgia "imposed a substantively reasonable sentence upon [Petitioner] by imprisoning him for ten months and then requiring him to serve six months at a half-way house facility followed by additional supervised release." [Id. at 13].

## II.　STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter

3

can be resolved without an evidentiary hearing. See <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Here, Petitioner is complaining about the revocation of his supervised release. Such a motion must be filed in the court which imposed that sentence, that is, the Northern District of Georgia. See 28 U.S.C. § 2255(a); see also <u>Braden v. 30th Judicial Cir. Court of Ky.</u>, 410 U.S. 484, 497 (1973). Accordingly, this matter will be transferred to the Northern District of Georgia for such further proceedings as may be required.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is transferred to the Northern District of Georgia.

**IT IS FURTHER ORDERED** that the Clerk shall terminate this action.

**IT IS SO ORDERED.**

Signed: December 30, 2015

Martin Reidinger
United States District Judge